UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OKYEREMAH NYANNOR, individually and on behalf of all others similarly situated,

              Plaintiffs,

    vs.

ARAMARK SERVICES, INC., a foreign profit corporation; ARAMARK BUSINESS FACILITIES, LLC, a foreign limited liability company; ARAMARK CAMPUS, LLC, a foreign limited liability company; ARAMARK CORRECTIONAL SERVICES, LLC, a foreign limited liability company; ARAMARK EDUCATIONAL GROUP, INC., a foreign profit corporation; ARAMARK EDUCATIONAL SERVICES, LLC, a foreign limited liability company; ARAMARK ENTERTAINMENT, LLC, a foreign limited liability company; ARAMARK FHC, LLC; a foreign limited liability company; ARAMARK HEALTHCARE SUPPORT SERVICES, LLC, a foreign limited liability company; ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP, a foreign limited partnership; ARAMARK RAIL SERVICES, LLC, a foreign limited liability company; ARAMARK REFRESHMENT SERVICES, LLC, a foreign limited liability company; ARAMARK SPORTS AND ENTERTAINMENT GROUP, LLC, a foreign limited liability company; ARAMARK SPORTS AND ENTERTAINMENT

No.

**NOTICE OF REMOVAL**

Removed from King County Superior Court (Case No. 24-2-19382-1 SEA)

[28 U.S.C. §§ 1332(a), 1441, 1446, and 1453]

NOTICE OF REMOVAL - 1

1  SERVICES, LLC, a foreign limited liability
2  company; ARAMARK SPORTS, LLC, a
   foreign limited liability company; and DOES
3  1-20,

4                          Defendants.

5

6  **TO:**          **THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT**

7  **COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

8  **AND TO:**     **PLAINTIFF AND ALL ATTORNEYS OF RECORD**

9         **NOTICE IS HEREBY GIVEN THAT:**

10        Defendants Aramark Services, Inc.; Aramark Business Facilities, LLC; Aramark Campus,

11  LLC; Aramark Correctional Services, LLC; Aramark Educational Group, Inc.; Aramark

12  Educational Services, LLC; Aramark Entertainment, LLC; Aramark FHC, LLC; Aramark

13  Healthcare Support Services, LLC; Aramark Management Services Limited Partnership; Aramark

14  Rail Services, LLC; Aramark Refreshment Services, LLC; Aramark Sports and Entertainment

15  Group, LLC; Aramark Sports and Entertainment Services, LLC; and Aramark Sports LLC

16  (collectively, "Defendants"), by and through counsel, hereby remove the above-entitled action

17  from the Superior Court of the State of Washington in and for King County to the United States

18  District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446,

19  and 1453, because (1) minimal diversity exists under the Class Action Fairness Act, there are more

20  than 100 members in the putative class,  and the amount in controversy exceeds $5 million; and

21  (2) complete diversity of jurisdiction exists between the parties, and the amount in controversy

22  exceeds $75,000, exclusive of interests and costs.  Defendants deny the allegations and relief

23  sought, and file this Notice without waiving any defenses, exceptions, or obligation that may exist

24  in its favor.  Defendants will provide additional evidence to support the allegations of this pleading

25  as required in the event a challenge is raised to the Court's jurisdiction.

26

NOTICE OF REMOVAL - 2

## I.   **PROCEDURAL BACKGROUND**

1.     On August 26, 2024, Plaintiff Okyeremah Nyannor filed a complaint in King County Superior Court (the "Complaint") individually and on behalf of the members of a Class.

2.     On August 29, 2024, Plaintiff served copies of the Summons and Complaint, Civil Case Cover Sheet, and Order Assigning Case to Judicial Department and Setting Review Hearing Date on the registered agent for Defendants.  A true and correct copy of the Summons and Complaint, Civil Case Cover Sheet, and Order Assigning Case to Judicial Department and Setting Review Hearing Date is attached as **Exhibit A**.

3.     In the Complaint, Plaintiff asserts claims on behalf of the following putative class (the "Class"):

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with the Defendants where the job posting did not disclose a wage scale or salary range.

Compl. ¶ 54.

4.     On behalf of himself and the putative Class, Plaintiff seeks $5,000 in statutory damages based on the alleged failure to disclose wage or salary ranges on job postings for positions in Washington, purportedly in violation of RCW 49.58.110.  *Id.* ¶ 62–67, 70.  Additionally, the Complaint seeks a statutory award of attorneys' fees under RCW 49.58.070(1).  *Id.* ¶ 71.

## II.   **REMOVAL IS TIMELY**

5.     Plaintiff served the registered agent for Defendants on August 29, 2024.  Thirty days from the date of service of the Summons and Complaint is on September 30, 2024.  *See* Fed. R. Civ. P. 6(a)(1)(C).  Because this Notice is filed within thirty days from service, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### III.    VENUE

6.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington embraces the place where this action is pending, King County Superior Court.

### IV.    ORIGINAL JURISDICTION UNDER
### THE CLASS ACTION FAIRNESS ACT

7.    This lawsuit is a putative class action.[1]  Removal based on the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (1) minimal diversity of citizenship exists between Plaintiff and Defendants; (2) there are more than 100 members in the putative Class; and (3) the Complaint places in controversy more than $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453.  Although Defendants deny Plaintiff's factual allegations and deny that Plaintiff—and the class he purports to represent—is entitled to the relief requested in the Complaint, all requirements for jurisdiction under CAFA have been met in this case based on Plaintiff's allegations in the Complaint.

**A.    Minimal Diversity of Citizenship Exists**

8.    To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2); *see also*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

9.    Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because Plaintiff and one putative class member are citizens of different states.

---

[1] Aramark denies and reserves the right to contest Plaintiff's contention that this action can properly proceed as a class action.

NOTICE OF REMOVAL - 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1              **1.      Plaintiff Is a Citizen of Washington**

2           10.     "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate*

3    *Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*,

4    265 F.3d 853, 857 (9th Cir. 2001)).   For purposes of diversity jurisdiction, citizenship is

5    determined by the individual's domicile at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d

6    747, 750 (9th Cir. 1986).  Domicile is determined by "an individual's 1) residence in a state, and

7    2) [her] intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019.  Evidence of continuing

8    residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d

9    Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

10          11.     In the Complaint, Plaintiff alleges he "resides in King County, Washington."

11   Compl. ¶ 15.  Plaintiff's continued residence in Washington creates the presumption that he is

12   domiciled in Washington and is a citizen of the State of Washington for purposes of removal. *See*

13   *Hovensa LLC*, 652 F. 3d at 395; *State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519.

14           **2.      Defendants are Citizens of Delaware and Pennsylvania.**

15          12.     A corporation is deemed to be a citizen of any state in which it has been

16   incorporated and the state where it maintains its principal place of business.   28 U.S.C.

17   § 1332(c)(1).  The "principal place of business" refers to "the place where a corporation's officers

18   direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be

19   the place where the corporation maintains its headquarters—provided that the headquarters is the

20   actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an

21   office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–

22   93 (2010).  A limited liability company ("LLC") is a citizen of every state of which its members

23   are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

24   Likewise, a partnership is a citizen of all the states of which its partners are citizens. *Id.* Finally,

25   the Ninth Circuit has not yet determined whether an inactive corporation must have a principal

26   place of business, but "two circuits have held that a dissolved corporation has no principal place

NOTICE OF REMOVAL - 5

of business for diversity purposes." *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 467 (9th Cir. 2018).

13.    Defendant Aramark Services, Inc. is organized under the laws of the State of Delaware, and its principal place of business and corporate headquarters is in Pennsylvania, where its officers direct, control, and coordinate corporate activities. It is therefore a citizen of Delaware and Pennsylvania for purposes of removal. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93.

14.    Defendant Aramark Educational Group, Inc. is an inactive corporation that ceased operations in 2007. It was organized under the laws of the State of Delaware, and its principal place of business and corporate headquarters was in Pennsylvania, where its officers directed, controlled, and coordinated corporate activities. It is therefore a citizen of Delaware, and possibly of Pennsylvania, for purposes of removal. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93; *3123 SMB LLC*, 880 F.3d at 467.

15.    Aramark Campus, LLC's sole member is Aramark Educational Services, LLC. Aramark Educational Services, LLC's sole member is Aramark Educational Group, LLC. Aramark Educational Group, LLC's sole member is Aramark Services, Inc. As discussed above, Aramark Services, Inc. is a citizen of Delaware and Pennsylvania for the purposes of removal. Accordingly, so is Aramark Campus, LLC.

16.    As discussed above, Aramark Educational Services, LLC's sole member is Aramark Educational Group, LLC, and Aramark Educational Group, LLC's sole member is Aramark Services, Inc. As discussed above, Aramark Services, Inc. is a citizen of Delaware and Pennsylvania for the purposes of removal. Accordingly, so is Aramark Educational Services, LLC.

17.    Aramark Correctional Services, LLC's sole member is Aramark Services, Inc. As discussed above, Aramark Services, Inc. is a citizen of Delaware and Pennsylvania for the purposes of removal. Accordingly, so is Aramark Correctional Services, LLC. *See Johnson*, 437 F.3d at 899.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

18.     Aramark Healthcare Support Services, LLC's sole member is Aramark Services, Inc.  As discussed above, Aramark Services, Inc. is a citizen of Delaware and Pennsylvania for the purposes of removal.  Accordingly, so is Aramark Healthcare Services, LLC.  *See Johnson*, 437 F.3d at 899.

19.     Aramark Sports, LLC's sole member is Aramark Sports and Entertainment Services, LLC.   Aramark Sports and Entertainment Services, LLC's sole member is Aramark/HMS, LLC. Aramark/HMS, LLC's sole member is Aramark Sports and Entertainment Group, LLC.   Aramark Sports and Entertainment Group, LLC's sole member is Aramark Corporation.  At the time of the of this civil action, Aramark Corporation is formed under the laws of the State of Delaware and its principal place of business and corporate headquarters is in Pennsylvania, where its officers direct, control, and coordinate corporate activities.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93.  Accordingly, Aramark Corporation is a citizen of Delaware and Pennsylvania for the purposes of removal, as is Aramark Sports, LLC.  *See Johnson*, 437 F.3d at 899.

20.     Aramark Sports and Entertainment Group, LLC's sole member is Aramark Corporation.  As discussed above, Aramark Corporation is a citizen of Delaware and Pennsylvania for purposes of removal.  Accordingly, so is Aramark Sports and Entertainment Group, LLC.

21.     Aramark Sports and Entertainment Services, LLC's sole member is Aramark/HMS, LLC. Aramark/HMS, LLC's sole member is Aramark Sports and Entertainment Group, LLC.   Aramark Sports and Entertainment Group, LLC's sole member is Aramark Corporation.  As discussed above, Aramark Corporation is a citizen of Delaware and Pennsylvania for purposes of removal.  Accordingly, so is Aramark Sports and Entertainment Services, LLC.

22.     Aramark Business Facilities, LLC's sole member is Aramark Services, Inc.  As discussed above, Aramark Services, Inc. is a citizen of Delaware and Pennsylvania for the purposes of removal.  Accordingly, so is Aramark Business Facilities, LLC.  *See Johnson*, 437 F.3d at 899.

23.     Aramark Rail Services, LLC's sole member is Aramark Business & Industry, LLC. Aramark Business & Industry, LLC's sole member is Aramark Services, Inc.  As discussed above, Aramark Services, Inc. is a citizen of Delaware and Pennsylvania for the purposes of removal. Accordingly, so is Aramark Rail Services, LLC.  *See Johnson*, 437 F.3d at 899.

24.     Aramark Refreshment Services, LLC's sole member is Aramark Refreshment Group, Inc.  Aramark Refreshment Group, Inc. is organized under the laws of the State of Delaware, and its principal place of business and corporate headquarters is in Pennsylvania, where its officers direct, control, and coordinate corporate activities.  Accordingly, Aramark Refreshment Group, Inc. is a citizen of Delaware and Pennsylvania for purposes of removal and so is Aramark Refreshment Services, LLC.  *See Johnson*, 437 F.3d at 899.

25.     Aramark Entertainment, LLC's sole member is Aramark Sports and Entertainment Group, LLC.  Aramark Sports and Entertainment Group, LLC's sole member is Aramark Corporation.  As discussed above, Aramark Corporation is a citizen of Delaware and Pennsylvania for purposes of removal.  Accordingly, so is Aramark Entertainment, LLC.  *See Johnson*, 437 F.3d at 899.

26.     Aramark FHC, LLC's sole member is Aramark Services, Inc.  As discussed above, Aramark Services, Inc. is a citizen of Delaware and Pennsylvania for the purposes of removal. Accordingly, so is Aramark FHC, LLC.  *See Johnson*, 437 F.3d at 899.

27.     Aramark Management Services Limited Partnership has two partners: (1) Aramark SMMS LLC holds a 1% general partner interest; and (2) Aramark Services, Inc. holds a 99% limited partner interest.  Aramark SMMS LLC's sole member is Aramark Services, Inc.  As discussed above, Aramark Services, Inc. is a citizen of Delaware and Pennsylvania for the purposes of removal.  Accordingly, so is Aramark Management Services Limited Partnership.  *See Johnson*, 437 F.3d at 899.

28.     As Plaintiff and all defendants are citizens of different states, minimal diversity is satisfied.  (Indeed, as set forth below, complete diversity is also satisfied.)

**B.    The Putative Class Has More than 100 Members.**

29.    CAFA's requirement that the proposed class membership be no less than 100 members is satisfied here because the putative class has more than 100 members.  *See* 28 U.S.C. § 1332(d)(5).

30.    Plaintiff asserts claims on behalf of a putative Class comprised of all individuals who applied for a job opening in Washington from January 1, 2023, through the present, where the job posting allegedly did not contain wage scale or salary range information.  Compl. ¶ 54. Aramark reserves the right to oppose class certification, to dispute Plaintiff's class definition, and to dispute Plaintiff's interpretation of the statutory requirements in RCW 49.58.110.  Based on Plaintiff's class definition, however, and assuming the foregoing statutory requirements are all defined in the manner in which Defendants understand Plaintiff interprets the statute (over Defendants' objection), the putative Class includes at least 1,100 individuals.  Thus, the putative Class contains more than 100 members.

**C.    The $5,000,000 Amount in Controversy Requirement Is Satisfied.[2]**

31.    Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

32.    A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).  The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement

---

[2] This Notice of Removal addresses the nature and amount of damages the Complaint places in controversy. Defendants refer to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum.  Defendants maintain that each of Plaintiff's claims lack merit and that Defendants are not liable to Plaintiff or any putative class member in any amount whatsoever.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1  has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has

2  been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)).  There is no presumption

3  against removal in cases invoking CAFA because Congress intended to "facilitate adjudication of

4  certain class actions in federal court." *Id.* at 87.

5      33.    Where, as here, Plaintiff has not pleaded in the Complaint the amount of damages

6  that he seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit

7  meets the jurisdictional requirement. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676,

8  690 (9th Cir. 2006) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

9  1997)).  In such cases, the defendant seeking removal must prove by a preponderance of the

10  evidence that it has met the amount in controversy requirement. *See id.* at 685.  That is, the

11  defendant must provide evidence that it is more likely than not that the amount in controversy

12  meets the federal jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404

13  (9th Cir. 1996).  This burden "is not a daunting one. . . . [A] removing defendant is not obligated

14  to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co.*

15  *LLC v. Truck Ins. Exch.*, No. C21-5586, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021)

16  (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

17      34.    While Aramark denies Plaintiff's factual allegations and further denies that Plaintiff

18  and the putative Class he seeks to represent are entitled to any relief whatsoever, Plaintiff's

19  allegations have put into controversy an amount "more likely than not" in excess of the $5 million

20  threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C.

21  § 1332(d)(6).

22      35.    Plaintiff has specifically requested statutory damages for himself and each putative

23  Class member of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, placing at least

24  $5,500,000 (1,100 putative Class Members x $5,000) in statutory damages in controversy.  Compl.

25  ¶ 70.

26

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

36.    Accordingly, although Aramark expressly and emphatically denies Plaintiff's factual allegations and prayer for relief and denies that Plaintiff is entitled to any relief whatsoever, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2), based on the allegations contained in the Complaint.

## V.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BASED ON COMPLETE DIVERSITY

37.    In the alternative, this Court has jurisdiction under 28 U.S.C. § 1332 because, upon information and belief, complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 for the named Plaintiff, exclusive of interests and costs.

### A.    Complete Diversity of Citizenship Exists Between the Parties.

38.    Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and Aramark because Plaintiff and Aramark are citizens of different states.

#### 1.    Plaintiff Is a Citizen of Washington.

39.    As explained above, Plaintiff is a citizen of Washington. *Supra* Section IV.A.1.

#### 2.    Defendants are Citizens of Delaware and Pennsylvania.

40.    As explained above, Defendants are citizens of Delaware and Pennsylvania. *Supra* Section IV.A.2.

#### 3.    Doe Defendants Are Irrelevant for Purposes of Removal.

41.    Under 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name shall be disregarded. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) (disregarding the citizenship of defendants sued under fictitious names for purposes of removal); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Aramark's ability to remove.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1    **4.    Conclusion: Complete Diversity of Citizenship Exists.**

2    42.    For the reasons set forth above, there is complete diversity of citizenship under

3    28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action between citizens of different states.

4    **B.    The $75,000 Amount in Controversy Requirement Is Satisfied.**

5    43.    To establish diversity jurisdiction, the amount in controversy must exceed the sum

6    or value of $75,000.  28 U.S.C. §1332(a).

7    44.    A removing defendant's notice of removal must contain only "a short and plain

8    statement of the grounds for removal." *Owens*, 574 U.S. at 83.  The "defendant's notice of removal

9    need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

10    threshold." *Id.* at 89.  "[D]efendants do not need to prove to a legal certainty that the amount in

11    controversy requirement has been met.  Rather, defendants may simply allege or assert that the

12    jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)).

13    45.    Where, as here, Plaintiff has not pled in the Complaint the amount of damages that

14    he seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit

15    meets the jurisdictional requirement.  *See Abrego Abrego*, 443 F.3d at 690 (citing *Singer v. State*

16    *Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  In such cases, the defendant seeking

17    removal must prove by a preponderance of the evidence that it has met the amount in controversy

18    requirement.  28 U.S.C. § 1446(c)(2); *Abrego Abrego*, 443 F.3d at 683.  That is, the defendant

19    must provide evidence that it is more likely than not that the amount in controversy meets the

20    federal jurisdictional amount.  *Sanchez*, 102 F.3d at 404.  This burden "is not a daunting one. . . .

21    [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's

22    claims for damages.'"  *54-40 Brewing Co. LLC*, 2021 WL 6124788, at *2 (quoting *Korn v. Polo*

23    *Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

24    46.    While Aramark denies Plaintiff's factual allegations and further denies that Plaintiff

25    is entitled to any relief whatsoever, Plaintiff's allegations have put into controversy an amount

26    "more likely than not" in excess of $75,000, exclusive of interest and costs.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

### 1.    Plaintiff's Request for Statutory Damages Places $5,000 in Controversy.

2

3       47.    Plaintiff has specifically requested statutory damages of $5,000 pursuant to RCW

4   49.58.070 and RCW 49.58.110, placing at least $5,000 in statutory damages in controversy for

5   Plaintiff alone.  Compl. ¶ 70.[3]

6

### 2.    Plaintiff's Claim for Attorneys' Fees Places At Least $145,000 in Controversy.

7

8       48.    Courts have held that an award of attorneys' fees, if such fees are authorized under

9   applicable law, may be considered for purposes of calculating the amount in controversy.  *See*

10  *McGraw v. GEICO Gen. Ins. Co.*, No. C16-5876, 2017 WL 1386085, at *3 (W.D. Wash. Apr. 18,

11  2017) (concluding "that, whether the [attorneys'] fees are authorized by contract, statute, or case

12  law, they may be included in the amount in controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d

13  1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of

14  attorneys' fees, either with mandatory or discretionary language, such fees may be included in the

15  amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007)

16  (finding that attorneys' fees are included in the calculation of the amount in controversy under

17  28 U.S.C. § 1332(a)); *see also Kido as trustee for Kido v. Transamerica Life Ins. Co.*, No. C19-

18  1858, 2020 WL 428978, at *3 (W.D. Wash. Jan. 28, 2020) (calculating attorneys' fees for inclusion

19  in the amount in controversy); *Skau v. JBS Carriers, Inc.*, No. C18-681, 2018 WL 6804315, at

20  *2 (W.D. Wash. Dec. 27, 2018) (concluding "it is more likely than not that the attorneys' fees that

21  may be awarded in this case would exceed the remaining amount required to meet the amount in

22  controversy requirement").

23

24  [3] Alternatively, Plaintiff seeks actual damages for the "valuable time" spent applying to a job posting that did not include salary or wage information, to the extent those damages are greater than the $5,000 statutory damages.  Compl.
25  ¶ 48.  Plaintiff also alleges that he experienced economic and non-economic harm as a result of Aramark's hiring practices and alleged violation of RCW 49.58.100.  Compl. ¶ 49.  Plaintiff therefore has not foreclosed seeking actual
26  damages for an as-yet unidentified amount.  If Plaintiff seeks actual damages exceeding $5,000, the amount-in-controversy would be even greater than pleaded here.

NOTICE OF REMOVAL - 13

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

49.     When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal; it includes those future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

50.     The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case. *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorneys' fees for the purpose of removal using Plaintiff's attorney's hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case). Plaintiff's attorneys handling single-plaintiff employment cases in the Western District can spend hundreds, if not thousands, of hours working on them through trial. *See, e.g.*, Pl.'s Mot. for Attorney's Fees and Suppl. J. re Tax Consequences, *Jacobs v. Wal-Mart Stores, Inc.*, No. 3:17-cv-5988, at 3 (W.D. Wash. Mar. 20, 2019) (in a single-plaintiff employment case, plaintiff's counsel recorded 1,613.50 hours worked through trial); Pl.'s Mot. for Attorney Fees, Costs, and Prejudgment Interest, *Conti v. Corporate Services Group, Inc.*, No. 12-cv-245, 2013 WL 12317592, at 6 (W.D. Wash. Dec. 26, 2013) (in a single-plaintiff employment case, plaintiff's counsel recorded 3,354.35 hours worked through trial).

51.     Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's individual claim through trial (without a class even being certified), based on Plaintiff's allegations and a comparison of similar individual cases, is *at least* 200 hours. Assuming the case is not dismissed on the pleadings, the parties will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case management conference statement, and appear at a case management conference. Defendants anticipate deposing the Plaintiff. Defendants anticipate that Plaintiff's counsel will depose multiple witnesses, including one or more Rule 30(b)(6) witnesses. Defendants may file a motion to dismiss and/or a motion for

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

summary judgment.  The Parties may have disputes regarding discovery that will involve the Parties briefing and arguing one or more discovery motions.  Therefore, 200 hours of attorney time represents a conservative, and certainly reasonable, estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution of this case.  This estimate does not take into account any proceedings related to Plaintiff's attempt to certify class.

52.    Plaintiff's counsel's hourly rates are available through reference to publicly available fee requests in other cases.  In separate litigation, attorneys from the law firm representing Plaintiff have sought an hourly rate of $725 for partners.  Decl. of Timothy W. Emery in Supp. of Pl.'s Mot. for Attorneys' Fees, Costs, and Service Awards, *Garcia v. Wash. State Dep't of Licensing*, No. 22-2-05635-5 SEA, at 5 (King Cnty. Super. Ct. Jul. 26, 2023).  200 hours of attorney time at a billing rate of $725 an hour equates with $145,000 in attorneys' fees. Plaintiff's claims therefore more likely than not place at least $150,000 in controversy.

| Remedy Requested | Amount in Controversy |
|---|---|
| Statutory damages | $5,000 |
| Plaintiff's attorneys' fees | $145,000 |
| Total | $150,000 |

53.    Accordingly, although Aramark expressly and emphatically denies Plaintiff's factual allegations and prayer for relief and denies that Plaintiff is entitled to any relief whatsoever, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in U.S.C. § 1332(a), based solely on the allegations contained in the Complaint.

## VI.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

54.    As set forth above, this Notice of Removal is timely filed within thirty days of service of the Summons and Complaint upon Defendants.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

55.     Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

56.     Defendants have sought no similar relief.

57.     The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1332(d)(2), 1441 and 1446 have been met.

58.     Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) and (d)(2), removal of this action is proper pursuant to 28 U.S.C. § 1441.

59.     On information and belief, Plaintiff applied to Defendants' job posting in good faith and therefore has standing under Article III.  In the event that Plaintiff challenges whether he has standing, Defendants respectfully request jurisdictional discovery.

## VII.    CONCLUSION

Based on the foregoing, removal is proper to this Court.  If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to conduct jurisdictional discovery and to present a brief and oral argument in support of their position that this case is subject to removal.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  DATED this 27th day of September 2024.

2

3                                    **MORGAN, LEWIS & BOCKIUS LLP**

4                                    By: *s/ Damon C. Elder*
                                     Damon C. Elder, WSBA #46754
5

6                                    By: s/ *Claire M. Lesikar*
                                     Claire M. Lesikar, WSBA #60406
7

8                                    1301 Second Avenue, Suite 3000
                                     Seattle, WA 98101
9                                    Phone: (206) 274-6400
                                     Fax: (206) 274-6401
10                                   Email: damon.elder@morganlewis.com
                                            claire.lesikar@morganlewis.com
11

12                                   *Attorneys for Defendants*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## CERTIFICATE OF SERVICE

2          I certify that on September 27, 2024, I served true and correct copies of the following

3   documents upon all counsel who have appeared in the action in the manner indicated below:

4          1. Notice of Removal

5          2. Civil Cover Sheet

6          3. Verification of State Court Records

7          4. Corporate Disclosure Statement

8          5. Notice of Filing of Notice of Removal

9

10  Timothy W. Emery, WSBA No. 34078          ☐ Via Legal Messengers
    Patrick B. Reddy, WSBA No. 34092           ☐ Via First Class Mail
11  Paul Cipriani, WSBA No. 59991              ☐ Via Facsimile
12  **EMERY REDDY, PLLC**                      ☒ Via Electronic Mail
    600 Stewart Street, Suite 1100             ☒ Via CM/ECF
13  Seattle, WA 98101
    Phone: (206) 442-9106
14  Fax: (206) 441-9711
15  Email: emeryt@emeryreddy.com
            reddyp@emeryreddy.com
16          paul@emeryreddy.com
            hannah@emeryreddy.com
17          cailey@emeryreddy.com
            lesley@emeryreddy.com
18          alec@emeryreddy.com
19          stephen@emeryreddy.com
            calum@emeryreddy.com
20          jennifer@emeryreddy.com

21  *Attorneys for Plaintiff*

22

23                                          *s/ Emily Fortier*
                                            Emily Fortier
24                                          Legal Assistant

25

26

NOTICE OF REMOVAL - 18

# Exhibit A

ØŠÒÒÖ

ŒŒŒ ÁŒ∾ÕÁŒ Á∾ Œ ÁÚ Œ
SŒ Õ ÁÛ U W∾ V Ý
ÙⅥÚ Û Œ Ü ÁÛ U Ⅵ V Õ Ò Ü S
Ò ŠÒÒ
Ô Œ Ü Ò ÁŴ Œ Œ ŒÛ Œ ÁÚ Œ

        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
        IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| OKYEREMAH NYANNOR, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DISCRIMINATION** |
| v. | |
| ARAMARK SERVICES, INC., a foreign profit corporation; ARAMARK BUSINESS FACILITIES, LLC, a foreign limited liability company; ARAMARK CAMPUS, LLC, a foreign limited liability company; ARAMARK CORRECTIONAL SERVICES, LLC, a foreign limited liability company; ARAMARK EDUCATIONAL GROUP, INC., a foreign profit corporation; ARAMARK EDUCATIONAL SERVICES, LLC, a foreign limited liability company; ARAMARK ENTERTAINMENT, LLC, a foreign limited liability company; ARAMARK FHC, LLC; a foreign limited liability company; ARAMARK HEALTHCARE SUPPORT SERVICES, LLC, a foreign limited liability company; ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP, a foreign limited partnership; ARAMARK RAIL SERVICES, LLC, a foreign limited liability company; ARAMARK REFRESHMENT SERVICES, LLC, a foreign limited liability company; ARAMARK SPORTS AND ENTERTAINMENT GROUP, LLC, a foreign limited liability company; ARAMARK | |

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1  SPORTS AND ENTERTAINMENT
2  SERVICES, LLC, a foreign limited liability
   company; ARAMARK SPORTS, LLC, a
3  foreign limited liability company; and DOES
   1-20,
4
5                              Defendants.

6        Plaintiff Okyeremah Nyannor ("Plaintiff"), on behalf of himself and all others similarly

7  situated (the "Class"), by and through counsel, brings this Class Action Complaint against

8  Defendants Aramark Services, Inc.; Aramark Business Facilities, LLC; Aramark Campus, LLC;

9  Aramark Correctional Services, LLC; Aramark Educational Group, Inc.; Aramark Educational

10 Services, LLC; Aramark Entertainment, LLC; Aramark FHC, LLC; Aramark Healthcare Support

11 Services, LLC; Aramark Management Services Limited Partnership; Aramark Rail Services,

12 LLC; Aramark Refreshment Services, LLC; Aramark Sports and Entertainment Group, LLC;

13 Aramark Sports and Entertainment Services, LLC; Aramark Sports, LLC; and Does 1-20

14 (collectively, "Defendants") and alleges, upon personal knowledge as to Plaintiff's own actions

15 and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as

16 follows:

17                    **I.    NATURE OF THE EPOA**

18        1.    This is a class action lawsuit to remedy Defendants' ongoing violation of Plaintiff

19 and the Class members' civil rights.

20        2.    Effective January 1, 2023, employers with 15 or more employees must disclose,

21 in each posting for each job opening, the wage scale or salary range and a general description of

22 all of the benefits and other compensation being offered to the hired applicant. *See* RCW

23 49.58.110(1).

24        3.    The Washington Legislature finds that "despite existing equal pay laws, there

25 continues to be a gap in wages and advancement opportunities among workers in Washington."

26 RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower

27 pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(b).

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 2

4.      This lawsuit follows important, recent research which revealed pervasive pay disparity in Washington with respect to both women and other protected classes. In particular, the study found that women are paid 78 cents for every dollar paid to men—a decline from 80 cents to the dollar a decade ago. *See* Alison Saldanha, *Seattle's pay gap between women and men just won't stop growing* (Mar. 8, 2024), https://www.seattletimes.com/business/seattle-hits-rock-bottom-in-terms-of-the-pay-gap-between-women-and-men/.

5.      "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." Engrossed Substitute S.B. 5761 House Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id*. Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The EPOA makes Washington "more competitive" for job seekers. *Id*.

6.      "[P]ay range disclosures function primarily to correct information asymmetry: they give applicants access to key information that only the employer may know. This information is essential to help job candidates, particularly females and candidates in other protected classes, to achieve equal pay when faced with negotiating a starting salary. Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or equitable compensation or, if the employee suspects discrimination, to initiate an enforcement action." Stephanie Bornstein, *The Enforcement Value of Disclosure*, 72 Duke L.J. 1771, 1789 (2023).

7.      "[T]he duty to disclose a pay range and to do so publicly goes further, serving other important purposes of a disclosure scheme. It may induce behavior-forcing effects by requiring an employer to identify the pay received by other employees currently in the position

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

and set new employee pay comparably. The goal is that the employer will create pay uniformity based on the position itself rather than the person holding the position." *Id.* at 1790.

8.      "That pay range postings are public creates additional pressure on employers to provide accurate and fair salary ranges that will attract the best job applicants. And setting pay in a range to which an employer has publicly pre-committed may likely limit the role that even unconscious gender and racial biases play in pay setting." *Id.*

9.      On January 1, 2021, the State of Colorado enacted a similar pay transparency law that requires online job postings to include information about the expected salary of the position. "One early study of the Colorado pay range posting law showed that, among firms that complied, posted job salaries increased by 3.6 percent." *Id.* (citing David Arnold, Simon Quach & Bledi Taska, *The Impact of Pay Transparency in Job Postings on the Labor Market* 2 (Aug. 17, 2022) (unpublished manuscript), https://perma.cc/KBQ5-L9U2.

10.      This is a class action on behalf of individuals who applied to job openings with the Defendants where the job postings did not include the wage scale or salary range being offered in direct violation of RCW 49.58.110.

11.      Plaintiff and the Class seek injunctive relief to address Defendants' refusal to include a wage scale or salary range in their job postings, and statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110.

## II.    JURISDICTION AND VENUE

12.      This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

13.      Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and Defendants reside and transact business in King County, Washington.

14.      Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of a Washington employer, or were applicants of a Washington employer, at all times relevant to their interactions with Defendants; (b) Defendants are registered to conduct business, and regularly transact

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

business, within Washington; and (c) the alleged conduct of Defendants occurred within Washington. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(d)(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

### III.    PARTIES

15.    Plaintiff Okyeremah Nyannor resides in King County, Washington and applied to work for Defendants for a position located in the State of Washington.

16.    Defendant Aramark Services, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134; 450 3rd Avenue W, Seattle, Washington 98119; and 20309 N Creek Parkway, Bothell, Washington 98011.

17.    Aramark Business Facilities, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 101 Yesler Way #606, Seattle, Washington 98104.

18.    Aramark Campus, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington WA 98134 and Husky Stadium Building # 2, Seattle, Washington 98195.

19.    Aramark Correctional Services, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 20817 17th Avenue S, Des Moines, Washington, 98198.

20.    Aramark Educational Group, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has multiple offices for the transaction of

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 101 Yesler Way #606, Seattle, Washington 98104.

21.     Aramark Educational Services, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 18115 Campus Way NE, Bothell, Washington 98011 and 101 Yesler Way #606, Seattle, Washington 98104.

22.     Aramark Entertainment, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 101 Yesler Way #606, Seattle, Washington 98104.

23.     Aramark FHC, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 101 Yesler Way #606, Seattle, Washington 98104.

24.     Aramark Healthcare Support Services, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 101 Yesler Way #606, Seattle, Washington 98104.

25.     Aramark Management Services Limited Partnership is a foreign limited partnership that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 400 S 43rd Street, Renton, Washington 98055 and 1959 NE Pacific Street, Seattle, Washington 98100.

26.     Aramark Rail Services, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 101 Yesler Way #606, Seattle, Washington 98104.

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

27. Aramark Refreshment Services, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 1097 Andover Park E, Tukwila, Washington 98188.

28. Aramark Sports and Entertainment Group, LLC is a foreign limited liability company that that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 101 Yesler Way #606, Seattle, Washington 98104.

29. Aramark Sports and Entertainment Services, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 3800 Montlake Boulevard NE, Seattle, Washington 98185 and 3870 Montlake Boulevard NE, Seattle, Washington 98195.

30. Aramark Sports, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 73 S Spokane Street, Seattle, Washington 98134 and 101 Yesler Way #606, Seattle, Washington 98104.

31. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

## IV.    STATEMENT OF FACTS

32. Effective January 1, 2023, all Washington employers with 15 or more employees are required to disclose, in each posting for each job opening, the wage scale or salary range, and

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110.

33.    For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

34.    Defendants employ more than 15 individuals.

35.    From January 1, 2023 to the present, Plaintiff and more than 40 Class members applied to job openings with Defendants for positions located in Washington where the postings did not disclose the wage scale or salary range being offered.

36.    Despite RCW 49.58.110 becoming effective January 1, 2023, Defendants continue to withhold pay information in some, if not all, of their job postings for Washington-based positions.

37.    As of the date of this filing, Defendants continue to employ discriminatory hiring practices as a result of their ongoing refusal to comply with RCW 49.58.110.

38.    Defendants' refusal to post a wage scale or salary range in job postings is a violation of Plaintiff and the Class members' civil rights, as specifically defined by RCW 49.58.110.

39.    On or about August 25, 2024, Plaintiff applied for a job opening in King County, Washington with Defendants.

40.    Plaintiff was qualified to perform the position for which he applied.

41.    The posting for the job opening Plaintiff applied to did not disclose the wage scale or salary range being offered.

42.    In working through the application, Plaintiff expected that at some point he would learn the rate of pay for the open position.

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

43.     However, Defendants withheld the rate of pay for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application without learning the rate of pay.

44.     A true and correct copy of Defendants' job posting that Plaintiff responded to is attached hereto as Exhibit 1.

45.     As a result of Defendants' refusal to publish the wage scale or salary range within the job posting, Plaintiff was unable to determine the rate of pay for the position.

46.     As a result of Defendants' refusal to disclose the wage scale or salary range in the job posting, Plaintiff remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages.

47.     As a result of Defendants' refusal to disclose the wage scale or salary range in the job posting, Plaintiff's ability to negotiate pay remains adversely affected.

48.     Plaintiff lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed. As noted by the Legislature, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022).

49.     Plaintiff has experienced economic and non-economic harm as a direct result of Defendants' discriminatory hiring practices, their violation of RCW 49.58.110, and their contribution to wage inequality as a result of their refusal to post a wage scale or salary range in the job postings they publish.

50.     Plaintiff and the Class are victims of Defendants' discriminatory hiring practices, which are specifically prohibited by RCW 49.58.110.

51.     Defendants engaged in a common course of conduct of failing to disclose the wage scale or salary range in the job postings to which Plaintiff and the Class applied.

52.     As a result of Defendants' systemic violations of RCW 49.58.110, and the EPOA generally, the Class has experienced harm identical to that experienced by Plaintiff.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

53.    Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V.    CLASS ACTION ALLEGATIONS

54.    <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with the Defendants where the job posting did not disclose a wage scale or salary range.

55.    Excluded from the Class are the Defendants and Defendants' officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

56.    <u>Numerosity</u>. There are potentially dozens of Class members who applied for jobs with Defendants within the time-period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

57.    <u>Commonality</u>. Because the Class members applied for job openings that did not disclose the wage scale or salary range being offered, this is a straightforward matter of determining whether Defendants' actions violate Washington law, and, if so, assessing statutory damages.

58.    <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and the Class members applied for job openings with Defendants that did not disclose the wage scale or salary range being offered.

59.    <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

60.    <u>Predominance</u>. Defendants have engaged in a common course of conduct of failing to disclose the wage scale or salary range being offered in job postings in violation of RCW 49.58.110. The common issues arising from Defendants' unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

61.    <u>Superiority</u>. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the job postings to which they applied are readily identifiable through Defendants' own records.

## VI.    CAUSE OF ACTION

### FIRST CAUSE OF ACTION
**VIOLATION OF RCW 49.58.110**
*Claim of Relief for Plaintiff and the Class*

62.    Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

63.    As described more fully above, Defendants did not disclose the wage scale or salary range being offered in their job postings seeking workers for their Washington locations.

64.    On or after January 1, 2023, Plaintiff and the Class members applied for job openings with the Defendants where the job postings did not disclose the wage scale or salary range being offered.

65.    Defendants' actions and omissions violate RCW 49.58.110.

66.    As a result of Defendants' actions and omissions, Plaintiff and the Class have experienced economic and non-economic harm.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

67. Plaintiff and the Class seek statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110, as opposed to their actual damages.

68. Plaintiff and the Class also seek to recover their costs and reasonable attorneys' fees.

## VII. REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendants as follows:

69. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

70. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110;

71. Costs and reasonable attorneys' fees pursuant to RCW 49.58.070 and RCW 49.58.110;

72. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein, including, but not limited to, an order requiring Defendants to disclose a wage scale or salary range in job postings for jobs located in Washington;

73. Declaratory relief to the effect that Defendants' failure to disclose in each posting for each Washington job opening the wage scale or salary range violates Washington law;

74. Pre- and post-judgment interest;

75. Leave to amend the Class Action Complaint to conform to the evidence; and

76. Any additional or further relief which the Court deems equitable, appropriate, or just.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

DATED August 26, 2024                    EMERY | REDDY, PLLC

By:    */s/ Timothy W. Emery*
       Timothy W. Emery, WSBA No. 34078
       Patrick B. Reddy, WSBA No. 34092
       Paul Cipriani, WSBA No. 59991
       Emery Reddy, PLLC
       600 Stewart Street, Suite 1100
       Seattle, WA 98101
       Phone: (206) 442-9106
       Fax: (206) 441-9711
       Email: emeryt@emeryreddy.com
       Email: reddyp@emeryreddy.com
       Email: paul@emeryreddy.com
       *Attorneys for Plaintiff*

EXHIBIT 1

indeed

| What | Job title, keywords, or com | | Where | Washington State | | Find Jobs |

# Concession Stand Worker - Seattle Convention Center

**Aramark** ⧉ · 3.4 ★

Seattle, WA 98101

**Aramark**                                                                          >
★★★☆☆  22,010 reviews
Read what people are saying about working here.

[ Apply now ]    🔖

**Job**    Company

**Update your qualifications to see how they align with this job**

Do you have experience in **Guest services**?

[ Yes ]  [ No ]  **Skip**

## Qualifications

Here's how the job qualifications align with your profile ⧉.

[ Guest services ⌄ ]

## Shift and schedule

Here's how the job's shift and schedule details align with your profile ⧉.

[ Weekends as needed ⌄ ]  [ Evenings as needed ⌄ ]  [ Holidays ⌄ ]

Show more ⌄

## Location

📍 Seattle, WA 98101

## Job description

## Job Description

The Concession Stand Worker is responsible for preparing and/or building food items while providing a memorable guest service experience. Adheres to established food safety, food handling, and sanitation procedures. Essential functions and responsibilities of the position may vary by Aramark location based on client requirements and business needs.

## Job Responsibilities

? Courteously greets and assists all guests
? Takes food orders and serves guests
? Prepares and builds food items according to standardized recipes and directions
? Properly stores food by applying food safety policies and procedures
? Sets up workstations including prep tables, service counters, hot wells, steam tables, etc.
? Breaks down, cleans, and sanitizes workstations
? Serves food to guests while ensuring guest satisfaction and anticipating the guests? needs
? Replenishes food items and ensures product is stocked to appropriate levels
? Maintains excellent service, positive demeanor, friendly, efficient, and positive service towards guests, clients, co-workers, etc.
? Adheres to Aramark safety policies and procedures including proper food safety and sanitation
? Ensures security of company assets
? Responsible for running a cash register and collecting payment for sale from guests
? Reconciles cash to register sales and stand inventory
? Other duties and tasks as assigned by manager

At Aramark, developing new skills and doing what it takes to get the job done make a positive impact for our employees and for our customers. In order to meet our commitments, job duties may change or new ones may be assigned without formal notice.

## Qualifications

? Previous food service experience preferred

? Must be able to obtain food safety certification

? Demonstrates positive guest service skills

? Requires occasional lifting, carrying, pushing, pulling of up to 25 lb.

? May be required to obtain TIPS/TEAM card at locations that serve and sell alcohol

? Previous Guest Service experience is a plus

? Ideal candidate will be available to work a flexible schedule that includes evenings, weekends, and holidays

# Education

# About Aramark

**Our Mission**

Rooted in service and united by our purpose, we strive to do great things for each other, our partners, our communities, and our planet.

At Aramark, we believe that every employee should enjoy equal employment opportunity and be free to participate in all aspects of the company. We do not discriminate on the basis of race, color, religion, national origin, age, sex, gender, pregnancy, disability, sexual orientation, gender identity, genetic information, military status, protected veteran status or other characteristics protected by applicable law.

**About Aramark**

The people of Aramark proudly serve millions of guests every day through food and facilities in 15 countries around the world. Rooted in service and united by our purpose, we strive to do great things for each other, our partners, our communities, and our planet. We believe a career should develop your talents, fuel your passions, and empower your professional growth. So, no matter what you're pursuing - a new challenge, a sense of belonging, or just a great place to work - our focus is helping you reach your full potential. Learn more about working here at http://www.aramarkcareers.com or connect with us on Facebook, Instagram and Twitter.

**Show less** ∧

**Report job**

Concession Stand Worker jobs in Seattle, WA

Jobs at Aramark in Seattle, WA

Concession Stand Worker salaries in Seattle, WA

Hiring Lab    Career advice    Browse Jobs    Browse Companies    Salaries    Indeed Events

Work at Indeed    Countries    About    Help Center    ESG at Indeed

© 2024 Indeed    Your Privacy Choices ✓✕    Accessibility at Indeed    Privacy Center and Ad Choices

Terms



# Concession Stand Worker - Seattle Convention Center

**Seattle, WA**

Posted 21 days ago    **Job ID:** 527879

Share

Food Service          Hourly and Seasonal

APPLY NOW          ◀ Back to Search

## JOB DESCRIPTION

The Concession Stand Worker is responsible for preparing and/or building food items while providing a memorable guest service experience. Adheres to established food safety, food handling, and sanitation procedures.  Essential functions and responsibilities of the position may vary by Aramark location based on client requirements and business needs.

## JOB RESPONSIBILITIES

- Courteously greets and assists all guests
- Takes food orders and serves guests
- Prepares and builds food items according to standardized recipes and directions
- Properly stores food by applying food safety policies and procedures
- Sets up workstations including prep tables, service counters, hot wells, steam tables, etc.
- Breaks down, cleans, and sanitizes workstations
- Serves food to guests while ensuring guest satisfaction and anticipating the guests' needs
- Replenishes food items and ensures product is stocked to appropriate levels
- Maintains excellent service, positive demeanor, friendly, efficient, and positive service towards guests, clients, co-workers, etc.
- Adheres to Aramark safety policies and procedures including proper food safety and sanitation
- Ensures security of company assets
- Responsible for running a cash register and collecting payment for sale from guests
- Reconciles cash to register sales and stand inventory
- Other duties and tasks as assigned by manager

At Aramark, developing new skills and doing what it takes to get the job done make a positive impact for our employees and for our customers. In order to meet our commitments, job duties may change or new ones may be assigned without formal notice.

## QUALIFICATIONS

Chat with our
Recruiting Assistant



- Previous food service experience preferred
- Must be able to obtain food safety certification
- Demonstrates positive guest service skills
- Requires occasional lifting, carrying, pushing, pulling of up to 25 lb.
- May be required to obtain TIPS/TEAM card at locations that serve and sell alcohol
- Previous Guest Service experience is a plus
- Ideal candidate will be available to work a flexible schedule that includes evenings, weekends, and holidays

## EDUCATION

## ABOUT ARAMARK

**Our Mission**

Rooted in service and united by our purpose, we strive to do great things for each other, our partners, our communities, and our planet.

At Aramark, we believe that every employee should enjoy equal employment opportunity and be free to participate in all aspects of the company. We do not discriminate on the basis of race, color, religion, national origin, age, sex, gender, pregnancy, disability, sexual orientation, gender identity, genetic information, military status, protected veteran status or other characteristics protected by applicable law.

**About Aramark**

The people of Aramark proudly serve millions of guests every day through food and facilities in 15 countries around the world. Rooted in service and united by our purpose, we strive to do great things for each other, our partners, our communities, and our planet. We believe a career should develop your talents, fuel your passions, and empower your professional growth. So, no matter what you're pursuing - a new challenge, a sense of belonging, or just a great place to work - our focus is helping you reach your full potential. Learn more about working here at http://www.aramarkcareers.com or connect with us on Facebook, Instagram and Twitter.

# Here are a few more openings that you may be interested in:

Posted 21 days ago    **Job ID:** 527880

## Catering Bartender - Seattle Convention Center

Seattle, WA

Chat with our
Recruiting Assistant



Food Service        Hourly and Seasonal

APPLY

---

Posted 21 days ago    **Job ID:** 527880

## Catering Bartender - Seattle Convention Center

Seattle, WA

Food Service        Hourly and Seasonal

APPLY

---

Posted 21 days ago    **Job ID:** 527880

## Catering Bartender - Seattle Convention Center

Seattle, WA

Food Service        Hourly and Seasonal

APPLY

Load More

---

**JOIN OUR**

# Talent Community

Be the first to get the latest updates and job opportunities.

HOURLY          SALARIED

---

**HIRING EVENTS**

Chat with our
Recruiting Assistant



## We'd love to meet you.

**August**

# 26

Whether virtual or in-person, we'd love to see you at one of our upcoming hiring events for hourly positions.

**FIND ONE NEAR YOU**

## Here's your seat at the table.

With open membership policies, our Employee Resource Groups create safe spaces for diverse community members and their allies to learn from each other, grow together, and pursue a better society for all.

**LEARN MORE**

Chat with our Recruiting Assistant



**LOOKING FOR A JOB
RIGHT NOW?**

# See where we're hiring.

SEARCH JOBS

   

OPERATING IN

# 19

COUNTRIES

# 4

CONTINENTS

Chat with our
Recruiting Assistant



ABOUT ARAMARK

We're a team of a quarter of a million people spanning four continents around the world dedicated to creating experiences that matter through our culture of inspired hospitality. Rooted in service, we strive to do great things for each other, our partners, our communities, and our planet. We believe a career should develop your talents, fuel your passions, and empower your professional growth. No matter what you're searching for — a new challenge, a sense of belonging, or just a great place to work — our focus is helping you reach your full potential and giving you the opportunity to pursue what matters.

  

TERMS & CONDITIONS

U.S. WORKFORCE PRIVACY NOTICE

**EEO STATEMENT**

We are committed to an equitable workplace engaging our employees and building trust in an environment where we value differences.

At Aramark, we believe that every employee should enjoy equal employment opportunity and be free to participate in all aspects of the company. We do not discriminate on the basis of race, color, religion, national origin, age, sex, gender, pregnancy, disability, sexual orientation, gender identity, genetic information, military status, protected veteran status or other characteristics protected by applicable federal, state or local law. Learn more about your workplace rights **here**.

Chat with our
Recruiting Assistant


ØⱾÒÖ

GⱭGⱢ ⱭⱰⱤŒⱲ⟩ⱭGⱢ Ɑⱸ ⱧKⱤ Í ⱭÚT
SⱰⱰ Ő ÁⱰ UⱲⱮ VⱮ
ÙⱮÚÒⱰ QⱢ ⱭⱰ UⱲÜ VⱭÒŠÒ ÜS
Ò ⱭⱢ ŽⱾÒÖ
ÔⱰⱰ ÙⱰ ÒÄⱧGⱢ ⱢⱰ Ⱪⱡ JⱧⱧ GⱤ ŮⱰ Œ

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| Okyeremah Nyannor | No. 24-2-19382-1  SEA |
| VS | **ORDER SETTING CIVIL CASE SCHEDULE** |
| Aramark Services, Inc. | **ASSIGNED JUDGE: Jaime Hawk, Dept. 10**<br>FILED DATE: 08/26/2024<br>TRIAL DATE:09/02/2025 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I.  NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.***  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion.  The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 08/26/2024 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 02/03/2025 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 02/03/2025 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 02/18/2025 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 04/01/2025 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 05/13/2025 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 05/27/2025 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 05/27/2025 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 07/15/2025 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 08/05/2025 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 08/12/2025 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 08/12/2025 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 08/19/2025 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 08/26/2025 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 08/26/2025 |
| | Trial Date [*See KCLCR 40*]. | 09/02/2025 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.


DATED:    08/26/2024

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**  Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.

Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**  Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed order with the Clerk of the Court.**  Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE

ØŠÒÖ

ŒŒŒŒÉŒÆŒŒÆŒŒŒŒŒÚT
SŒŒŒÂ Œ ŒÚ WŒ VÝ
Ù Œ Ü Œ Ü Œ Ü Œ V Œ Š Ò Ü S
Ò Œ Š Ò Ö
ŒŒ Ü Ò Œ Œ Œ ŒÆJ Ø Œ Æ Ú Œ

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| Okyeremah Nyannor | No. 24-2-19382-1  SEA |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| Aramark Services, Inc. | (CICS) |

**CAUSE OF ACTION**

TTO - Tort /Other

**AREA OF DESIGNATION**

SEA          Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

ØŠÒÒ
GŒGŀ ÁŒW̃ÓÁĜ ÁĔ ĦÍ Á˝T
SŒ ỖÁÕUW ̀VÝ
Ù́MÚÕÜÒ ÜŮÁÕUẀV́Ő̌ŠÒÜS
ÒÉŽŠÒÒ
Ô̌ŒǛÒ̌ ÁẰŴÁĜ ̌Ĕ̌Ĝ̌F̌J̌H̀ Ĝ̌ĔÁÚ̌Œ

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| OKYEREMAH NYANNOR, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>ARAMARK SERVICES, INC., a foreign profit corporation; ARAMARK BUSINESS FACILITIES, LLC, a foreign limited liability company; ARAMARK CAMPUS, LLC, a foreign limited liability company; ARAMARK CORRECTIONAL SERVICES, LLC, a foreign limited liability company; ARAMARK EDUCATIONAL GROUP, INC., a foreign profit corporation; ARAMARK EDUCATIONAL SERVICES, LLC, a foreign limited liability company; ARAMARK ENTERTAINMENT, LLC, a foreign limited liability company; ARAMARK FHC, LLC; a foreign limited liability company; ARAMARK HEALTHCARE SUPPORT SERVICES, LLC, a foreign limited liability company; ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP, a foreign limited partnership; ARAMARK RAIL SERVICES, LLC, a foreign limited liability company; ARAMARK REFRESHMENT SERVICES, LLC, a foreign limited liability company; ARAMARK SPORTS AND ENTERTAINMENT GROUP, LLC, a foreign limited liability company; ARAMARK SPORTS AND ENTERTAINMENT | No.<br><br>SUMMONS (20 DAYS) |

SUMMONS (20 DAYS) - 1

SERVICES, LLC, a foreign limited liability
company; ARAMARK SPORTS, LLC, a
foreign limited liability company; and DOES
1-20,

    Defendants.

TO:    ARAMARK SERVICES, INC.;

TO:    ARAMARK BUSINESS FACILITIES, LLC;

TO:    ARAMARK CAMPUS, LLC;

TO:    ARAMARK CORRECTIONAL SERVICES, LLC;

TO:    ARAMARK EDUCATIONAL GROUP, INC.;

TO:    ARAMARK EDUCATIONAL SERVICES, LLC;

TO:    ARAMARK ENTERTAINMENT, LLC;

TO:    ARAMARK FHC, LLC;

TO:    ARAMARK HEALTHCARE SUPPORT SERVICES, LLC;

TO:    ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP;

TO:    ARAMARK RAIL SERVICES, LLC;

TO:    ARAMARK REFRESHMENT SERVICES, LLC;

TO:    ARAMARK SPORTS AND ENTERTAINMENT GROUP, LLC;

TO:    ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC; and

TO:    ARAMARK SPORTS, LLC.

A lawsuit has been started against you in the above entitled court by the above-captioned

plaintiff.  Plaintiff's claims are stated in the written complaint, a copy of which is served upon

you with this summons.

In order to defend against this lawsuit, you must respond by stating your defense in

writing, and serve a copy upon the person signing this summons within 20 days after the service

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of The State of Washington.

DATED this 26th day of August, 2024.

Respectfully Submitted,

EMERY | REDDY, PLLC

By:    */s/ Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*