UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OKYEREMAH NYANNOR,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK SERVICES INC. et al.,<br><br>Defendants. | CASE NO. 2:24-cv-01543-JNW<br><br>ORDER DENYING MOTION TO RECONSIDER |

## 1. INTRODUCTION

This matter comes before the Court on Defendants' motion for reconsideration. Dkt. No. 32. Defendants ask the Court to vacate its order remanding this action, Dkt. No. 30, and to deny Plaintiff Okyeremah Nyannor's motion to remand.

Defendants say the Court erred by looking only at the complaint and passing over their allegations, made elsewhere in the record, that Nyannor applied for the job in good faith. The Court did consider those allegations. And it takes them as true again today. They still do not establish Article III standing, because good faith

explains why Nyannor applied. It says nothing about what happened to him afterward, which was nothing at all. The Court DENIES the motion.

## 2. LEGAL STANDARD

"Motions for reconsideration are disfavored," and the Court will ordinarily deny one "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Reconsideration "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## 3. DISCUSSION

Defendants argue that the Court committed manifest legal error by not considering the allegations in their Notice of Removal that "[Nyannor] applied to Defendants' job posting in good faith and therefore has standing under Article III." Dkt. No. 1 ¶ 59. A removing defendant may supplement the plaintiff's allegations in its notice of removal, they say, and the court must consider those allegations in its jurisdictional analysis. *See Travelers United, Inc. v. Hyatt Hotels Corp.*, 761 F.

Supp. 3d 97, 111 (D.D.C. 2025) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014); 28 U.S.C. § 1446(a)).

Defendants also argue that the Court improperly ignored their Answer, in which they stated that "company records and public records indicate[] that it is more likely than not that [Nyannor] was a bona fide job applicant who applied to work for [Defendants] in a good faith effort to obtain employment." Dkt. No. 32 at 5 (quoting Dkt. No. 21 ¶ 40). They point as well to declarations stating that Nyannor applied for similar jobs around the same time and "completed a multi-step application consistent with what Defendants would expect to see from a good faith applicant for the role." *Id.* (quoting Dkt. No. 25 ¶ 9). According to Defendants, this record distinguishes Nyanoor's case from other Washington Equal Pay and Opportunities Act ("EPOA") cases in this District, in which the defendant did not allege the applicant had "bona fide status." Dkt. No. 32 at 5–6.

Defendants' arguments rest on two mistaken assumptions.

**3.1 The Court didn't ignore Defendants' allegations.**

That the Court did not cite Defendants' Notice of Removal or Answer in its remand order does not mean it ignored what Defendants alleged. The order says on its first page that the Court reviewed the motion, the opposition, the reply, "and all supporting materials." Dkt. No. 30 at 1. A court need not catalog every filing to have read it.

Defendants also attribute to the remand order a sentence that does not appear in it. They quote the order as holding that "[B]ecause Plaintiff neither

alleged ‘good faith’ nor ‘bona fide’ applicant status, nor that he engaged in pay negotiations or was offered an interview, Defendants cannot establish an injury-in-fact . . . .” Dkt. No. 32 at 3; *see also id*. at 6 (repeating the closing clause). The order says no such thing—the closest it comes is on Page 9, which Defendants cite, where it says a plaintiff “must still show an injury-in-fact for Article III purposes.” And where it says, “courts in this district have held that plaintiffs who do not allege bona fide applicant status, an interview offer, or engagement in pay negotiations lack Article III standing”— a description of other judges’ rulings, not a holding about Nyannor. Dkt. No. 30 at 9. The Court’s holding is the one Defendants quote elsewhere in their motion: Nyannor “failed to show how Defendants’ nondisclosure caused him an actual harm or material risk of harm.” Dkt. No. 32 at 4 (quoting Dkt. No. 30 at 7). That holding turns on the absence of harm, not on where in the record an allegation appears.

### 3.2 Being a bona fide applicant, without more, doesn’t establish standing.

The second assumption fails for a reason that makes the first one beside the point. Start by giving Defendants everything they ask for. Their notice of removal, answer, and declarations are part of the jurisdictional record, and the Court accepts the allegations in them as true and construes them in Defendants’ favor, as Defendants say it must. Dkt. No. 32 at 6 (citing *DeFiore*, 85 F.4th at 553). So the Court assumes Nyannor applied for the job in good faith, while making no finding on that point.

Even so, being a bona fide applicant without more "is not dispositive." *Milito v. Expedia Inc.*, No. 2:25-CV-02507-JHC, 2026 WL 915077, at *3 (W.D. Wash. Apr. 3, 2026). Bona fide applicant status alone does not address the core issue of whether the specific procedural violation alleged caused the plaintiff harm or a material risk of harm to the concrete right the EPOA protects. *Milito v. Wizards of the Coast LLC,* No. 24-CV-1111-BJR, 2025 WL 3754049, at *4 (W.D. Wash. Dec. 29, 2025). A "[p]laintiff[] must allege, at minimum, that they applied for the job with good-faith intent, *and* became personally exposed to the risk of harm caused by the violation." *Id.* (emphasis added).

Defendants do not identify a case in which a plaintiff's status as a bona fide applicant, by itself, suffices to establish Article III standing. And their focus on that status overlooks what the cases they cite turn on: whether the employer offered an interview, extended an offer, or otherwise started the kind of exchange in which the withheld pay information would have mattered. *See Floyd v. Photon Infotech Inc.*, No. C24-01372-KKE, 2025 WL 3442736, at *4 (W.D. Wash. Dec. 1, 2025) ("[Defendant] never offered [the plaintiff] an interview, much less a job, so [the plaintiff] was never in a position to negotiate pay or participate in futile interviews."); *Hill v. Airgas USA LLC*, No. 2:25-cv-01531-TMC, 2025 WL 3640901, at *4 (W.D. Wash. Dec. 16, 2025) ("Here, [the plaintiff] applied for a job but did not interview for it, engage in salary negotiations, or otherwise experience concrete harm. . . . That is not enough to establish standing under Article III.").

Judge Chun faced a similar situation earlier this year. The defendant there alleged in its notice of removal that the plaintiff was a bona fide applicant, pointing

to his qualifications and his earlier applications. The court assumed the allegation true and remanded anyway because "even if [the plaintiff was qualified and applied in good faith], that still does not 'demonstrate that [the plaintiff] suffered any actual injuries that the EPOA was intended to prevent, such as unfair pay negotiations or wasting time in interviews.'"). *Milito v. Expedia Inc.*, No. 2:25-CV-02507-JHC, 2026 WL 915077, at *4 (quoting *Milito v. Lucid Grp. USA Inc.*, 2025 WL 3640898, at *2 (W.D. Wash. Dec. 16, 2025)).

So too here. No one says Defendants offered Nyannor an interview or that the parties ever discussed pay. In fact, Defendants' Answer says the opposite, agreeing that Nyannor "did not suffer any harm from merely submitting a job application and taking no further steps to obtain an offer of employment from Defendants." Dkt. No. 21 at 11. His only injury is the time lost in submitting the application, which courts uniformly reject as enough to establish Article III standing. The Court did not err in its remand order.

## 4. CONCLUSION

The Court DENIES Defendants' motion for reconsideration, Dkt. No. 32. The Court lifts the stay imposed at Dkt. No. 33 and DIRECTS the Clerk to REMAND this matter to the King County Superior Court, effective 14 days from the date of this Order. LCR 3(i).

Dated this 31st day of August, 2026.

Jamal N. Whitehead
United States District Judge